# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| RONALD THRASH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 3:09-CV-353-TLS |
| ) | |
| MARK LEVENHAGEN, Superintendent ) | |
| of the Indiana State Prison, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Ronald Thrash, a prisoner confined at the Indiana State Prison ("ISP"), filed a Prisoner Complaint pursuant to 42 U.S.C. § 1983, alleging that ISP Superintendent Mike Levenhagen violated his federally protected rights by taking away his contact visitation. Thrash seeks injunctive relief directing the Defendant to reinstate his contact visitation. This matter is before the Court pursuant to its statutory screening obligation. *See* 28 U.S.C. § 1915A.

## SCREENING STANDARD

Pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6), which provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). The Supreme Court has articulated the factual allegations that are required to survive dismissal:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks, ellipsis, citations, and footnote omitted). A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Id*. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).

The Court must accept as true all well-pleaded facts and draw all permissible inferences in the Plaintiff's favor. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995). However, the Court need not accept as true "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 129 S. Ct. at 1949. Legal conclusions can provide a complaint's framework, but unless well-pleaded factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim. *Id.* at 1950–51. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Id*.

A plaintiff can also plead himself out of court if he pleads facts that preclude relief. *See Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006). A plaintiff "pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008). The Court will review the *pro se* Plaintiff's Complaint more liberally than it would one that was drafted by a trained attorney. *See Erickson v. Pardus*, 551 U.S. 89, —, 127 S. Ct. 2197, 2200 (2007) (per curiam).

## COMPLAINT ALLEGATIONS

According to the Complaint, prison officials charged the Plaintiff with a class B conduct report for possession of an electronic device. A disciplinary hearing board (DHB) found him guilty of that charge and sanctioned him with "a drop in credit class, and loss of earned good days. These were the only sanctions issue[d] by the DHB." (DE 1-1 at 3). After the DHB found the Plaintiff guilty, ISP officials, in a separate action, modified his visiting privileges by taking away his contact visitation. (*Id.*) The Plaintiff alleges that the subsequent imposition of restrictions on contact visitation violated his due process and double jeopardy rights as protected under the United States, and Indiana State Constitution." (*Id.*)

## DISCUSSION

The Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Burrell v. City of Mattoon*, 378 F.3d 642 (7th Cir. 2004). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States,

3

and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979). Accordingly, the Plaintiff's claim that the restrictions on his contact visitation violated provisions of the Indiana constitution states no claim upon which relief can be granted under § 1983.

The Plaintiff alleges that the imposition of restrictions on his contact visitation in a second action, following the initial prison disciplinary proceeding, violated the Fifth Amendment's double jeopardy clause. The double jeopardy clause, applicable to the states by the Fourteenth Amendment, protects against a second prosecution for the same offense and multiple punishments for the same offense, but its scope is limited to criminal prosecutions. *Breed v. Jones*, 421 U.S. 519 (1975). Prison discipline does not constitute "prosecution" for double jeopardy purposes. *Meeks v. McBride*, 81 F.3d 717, 722 (7th Cir. 1996) (holding that an acquittal in an earlier prison disciplinary hearing did not bar a subsequent hearing to consider the very same charge); *Garrity v. Fiedler*, 41 F.3d 1150, 1152–53 (7th Cir. 1994) (holding that prison disciplinary proceedings do not bar a subsequent criminal prosecution for the same offense). Accordingly, alleging that he was subjected to a disciplinary action, and then deprived of contact visitation in a subsequent administrative action, does not state a claim for which relief can be granted.

The Plaintiff also alleges that the restriction on his contact visitation in an administrative action and without an opportunity to be heard deprived him of due process of law. The Fourteenth Amendment's due process clause, however, does not protect against every change in

the conditions of confinement having a substantial adverse impact on a prisoner. *Sandin* v. *Conner*, 515 U.S. 472, 484 (1995); *see also Zinermon v. Burch*, 494 U.S. 113, 125–26 (1990) (holding that when a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in life, liberty, or property with due process of law). A convicted prisoner is entitled to due process only when the conditions imposed work an "atypical and significant hardship" on him "in relation to the ordinary incidents of prison life" or where the discipline imposed infringed on rights protected by the due process clause of its own force. *Sandin v. Conner*, 515 U.S. at 483–84. Even transferring a prisoner from the general population to a segregation unit does "not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest," and is "within the expected parameters of the sentence imposed by a court of law." 515 U.S. at 485.

There is no Constitutional right to contact visitation, *Thorne v. Jones*, 765 F.2d 1270 (5th Cir. 1985), *cert. denied*, 475 U.S. 1016 (1986), and restricting an inmate to non-contact visitation states no claim upon which relief can be granted in a § 1983 action. Inmates have no independent constitutional right to visitation or to particular forms of visitation, *see Ky. Dept. of Corrs. v. Thompson*, 490 U.S. 454 (1989); *Smith v. Shettle*, 946 F.2d 1250 (7th Cir. 1991), and prison officials have considerable discretion in determining the time, place, duration, and conditions of visitation, *Berry v. Brady*, 192 F.3d 504, 508 (5th Cir. 1999); *Peterson v. Shanks*, 149 F.3d 1140, 1145 (10th Cir. 1998). The restriction the Defendant placed on the Plaintiff's visitation falls within the discretion that the Constitution affords to prison officials, the restriction does not work an atypical and significant hardship on him in relation to the ordinary incidents of prison life, and it is "within the expected parameters of the sentence imposed by a court of law." *Sandin*

*v. Conner*, 515 U.S. at 485. Where complaint allegations reveal that a plaintiff has not been deprived of a liberty interest, there are no grounds on which to invoke the protections of procedural due process and the complaint is subject to dismissal. *Lekas v. Briley*, 405 F.3d 602, 613–14 (7th Cir. 2005).

For the foregoing reasons, pursuant to 28 U.S.C. § 1915A(b)(1), the Court DISMISSES the Plaintiff's Complaint.

SO ORDERED on October 29, 2009.

                                 s/ Theresa L. Springmann
                                 THERESA L. SPRINGMANN
                                 UNITED STATES DISTRICT COURT
                                 FORT WAYNE DIVISION